Argued and submitted September 20, 1990, affirmed January 16, 1991

D. Dean BARR,
*Respondent,*

*v.*

Leona Jean PRATT,
Timothy Guist and Cindy Guist,
*Appellants.*

(89C-7379; CA A63535)

804 P2d 496

Kathleen A. Evans, Salem, argued the cause and filed the brief for appellants.

A. Dean Owens, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendants appeal from a judgment in a forcible entry and detainer (FED) action, ORS 105.110, awarding possession to plaintiff. Defendants contend that the notice of default that plaintiff provided under the land sale contract and ORS 93.915 was inadequate and that, in any event, the escrow company's acceptance of defendants' payment cured their default. We affirm.

Plaintiff sold property to defendant Pratt. Defendants Guist continued to live on the property, as they had before the sale. The land sale contract required Pratt to make monthly payments of $1,000 at Key Title and Escrow (Key Title). She failed to make the payments for August and September, 1989. Plaintiff sent her a notice that she would forfeit the contract pursuant to its terms and ORS 93.915 if she did not cure the default by November 17, 1989.[1] By that date, Pratt had also failed to make payments that were due for October and November, 1989. On November 17, 1989, Timothy Guist went to Key Title and asked how much he needed to pay. He was told that he needed to pay $2,000; he paid $2,018. The escrow company subsequently returned that payment. Plaintiff filed an affidavit of forfeiture of the land sale contract and brought this action in district court. ORS 93.930; ORS 105.110.

■ ■ Before reaching defendants' claims, we must first consider plaintiff's contention that the district court "did not have jurisdiction to review the notices or procedure of the forfeiture" of Pratt's interest in the land sale contract. We disagree. District courts have exclusive jurisdiction to hear FED actions. ORS 46.060(1)(e). Plaintiff had to demonstrate that defendants unlawfully held the premises and that he was "entitled to the possession of the premises." *See* ORS 105.125(1)(c), (d). In order to decide those issues, the district court had to determine whether plaintiff followed the forfeiture procedure provided by ORS 93.905 to ORS 93.930. *See* ORS 93.930(2). Accordingly, the district court had jurisdiction to determine those issues for purposes of the FED action.

---

[1] Although we can find neither the notice nor the land sale contract in the trial court record on appeal, defendants included a copy of each in their brief, and both parties rely on them.

■ In their first assignment of error, defendants contend that plaintiff's notice provided that Pratt needed to "pay only $2,000 to cure the default," which they contend was an alternative to the statutory requirements for curing the default. *See* ORS 93.920.[2] They argue that they complied with the terms of the notice; therefore, there was no enforceable forfeiture on which the court could have based its judgment.

The notice said that Pratt was in default under the contract by failing to make the payments for August and September, 1989, and that Pratt would forfeit the contract if she did "not cure the default by paying [the] $2,000 delinquency to the seller by November 17, 1989[.]" That simply specified the amount in default under the contract at the time of the notice, which was "the entire amount due * * * under the terms of the contract." By the time that Guist attempted to cure the default, Pratt had failed to make two more payments; therefore, "the entire amount due * * * at the time of cure under the terms of the contract" was $4,000. *See* ORS 93.920.[3]

After Pratt failed to make the monthly payments for October and November, defendants could not reasonably have believed that the default would be cured by a payment of only $2,000. The form of plaintiff's notice did not alter defendants' obligation to pay the entire amount due under the contract in order to cure the default.

■ ■ In the second assignment of error, defendants contend that plaintiff "was bound by [Key Title's] *acceptance* of the cure tendered by [Guist]"; therefore, plaintiff waived any subsequent objection to the amount of the tender. (Emphasis in original.) The land sale contract provided that Key Title was the "escrow agent" and that "[a]ll payments to Seller shall be made to Key Title," and it instructed Key Title how to

---

[2] ORS 93.920 provides, in pertinent part:

"A purchaser in default may avoid a forfeiture under the contract by curing the default or defaults before expiration of the notice period provided in ORS 93.915. If the default consists of a failure to pay sums when due under the contract, the default may be cured by paying the entire amount due, other than sums that would not then be due had no default occurred, at the time of cure under the terms of the contract."

[3] That amount did not include "sums that would not then be due had no default occurred" under the terms of ORS 93.920, because the sums were due by then, even if no default had occurred.

apply those payments. "An escrow holder, by definition, is a neutral party with no obligation to either party to the transaction except to carry out the terms of the escrow instructions." *McDonald v. Title Insurance Co. of Oregon,* 49 Or App 1055, 1059, 621 P2d 654 (1980), *rev den* 290 Or 727 (1981); *see also State Bar v. Security Escrows, Inc.,* 233 Or 80, 82, 377 P2d 334 (1962). Key Title's authority as escrow agent was limited to its authority under the escrow instructions. It did not have authority to make an interpretation that was binding on plaintiff regarding the amount due under the contract or the amount required to cure the default under ORS 93.920. Key Title was only a conduit for receiving payments and passing them on to plaintiff. *See McCallums, Inc. v. Mountain Title Co.,* 60 Or App 693, 697-98, 654 P2d 1157 (1982). Plaintiff did not waive his right to object to the amount of any payment.

Affirmed.